Mr. Justice ThacheR
delivered the opinion of the court.
This is an action upon a promissory note for fifty dollars, brought into the circuit court of Adams county by appeal from the judgment of a justice of the peace.
On the trial below, the defendant in that court showed that the consideration of the note was the difference or boot given by him to the plaintiff there in an exchange of horses; that the plaintiff warranted the horse which he delivered in exchange to the defendant to be an Ariel colt, that is, sired by the horse Ariel, and to be but three years old, but that in point of fact, the horse was not an Ariel colt, and was five years old; and that also, in point of fact, the horse was not as valuable as the horse delivered in exchange to the plaintiff by the defendant by the sum of forty-five dollars, and that the loss to the defendant by the failure of the warranty was about seventy-five dollars.
*337 Upon this state of facts, the court below refused to charge the jury for the defendant as follows, to wit: —
“ If the jury believe from the evidence that the consideration of the note sued upon in this cause, was'an exchange of horses between the plaintiff and defendant, and that the horse received by the defendant from the plaintiff was warranted by the latter to be an Ariel colt and only three years of age, and that said horse was not in fact an Ariel colt, and was’ five years old instead of three, and that the failure of the warranty in these respects made a difference in the value of said horse of the amount of the note sued upon, then the consideration of such note has failed, and they must find for the defendant.”
And the court gave the following charge upon the application of the plaintiff.
“That a promissory note always imports that a valuable consideration was given for the same, and that to defeat a recovery on the same by the maker, the defendant must make a clear showing that the same was given without a consideration or that the same has failed ; that the jury must have evidence before them that the defendant on discovering that the horse was not of the description warranted, abandoned ownership and gave notice to the plaintiff of the defect of the horse, or they must find for the plaintiff.”
Under the plea of non assumpsit which was pleaded in this action, although no notice of special defence was given, the defendant had a right to set up a breach' of warranty made upon the exchange of the horses, and for which the note was giyen in part consideration, provided that defence extended to a total failure or want of consideration of the note, and worked in bar of the whole recovery. The facts show that a total de-fence was in view, and that the evidence of the defendant was offered with that design. 1 Chitty Pl. 47; Brewer v. Harris, 2 S. & M. 88; Maverick v. Gibbs, 3 McCord, 315; King and Mead v. Paddock, 18, J. R. 143. The admissibility of such a defence, springing out of the transaction which gives birth to the cause of action, has arisen from the obvious policy that it prevents a multiplicity or circuity of action.
*338 The point taken for error in the charge granted to the plaintiff has been repeatedly decided. In the case of Steigleman v. Jeffries, 1 S. & R. 477, which was an action upon a promissory note given for the price of a quantity of buhr-stones, the de-fence was that the stones were warranted of good quality, and that they proved not to be as warranted. The court of common pleas charged the jury that the defendant could not avail himself of the breach of warranty, unless he had returned the stones, or given notice to the plaintiff to take them away. But the supreme court of Pennsylvania, held that the defendant could avail himself of the defence without returning the articles or giving notice to the plaintiff to take them away. See also, Borrekins v. Bevan and Porter, 1 Rawle, 23; Cozzens v. Whitaker, 3 Stew. & Porter, 322; Waring v. Mason, 18 Wend. 425.
The cases in which a party must return or offer to return the property in a reasonable or limited time, are cases where he wishes to rescind the sale and recover back the whole price paid, or cases of conditional sales, where the thing about to be sold is taken on trial, with liberty to the purchaser to return it, if he dislikes it, in a stipulated period. j
It will hence be seen that in this case the court below erred in refusing the defendant’s charge and in granting that of the plaintiff.
The plaintiff in error adverts in his brief to a question as to the admissibility or competency of the defendant below, Ferguson, as a witness in the cause. The record does not show that any such point was made upon the trial, and therefore it can receive no comment from this court.
Judgment reversed, and new trial awarded.